UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson S. Chase, Esq.,<br><br>                Plaintiff,<br><br>vs.<br><br>LOP Capital, LLC, Strategic Lending Solutions, LLC, Brian Knight, and Michael Loprieno,<br><br>                Defendants. | Civil Action No.: 2:13-cv-162-BHH-KFM<br><br>**Opinion and Order** |

This matter is before the Court on the Report and Recommendation (ECF No. 116) of United States Magistrate Judge Kevin F. McDonald recommending that the plaintiff's second motion for partial summary judgment on the defendant's counterclaims (ECF No. 89) be denied. After carefully reviewing the Report and Recommendation and the plaintiff's objections thereto (ECF No. 117), the Court adopts the Report and Recommendation in full.

**BACKGROUND**

The plaintiff, Nelson S. Chase ("Chase"), is a licenced South Carolina attorney, but because he is representing himself, the action is considered *pro se* and was automatically referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e). The "Facts Presented" section of the Report and Recommendation thoroughly sets forth the facts and procedural history of this matter and is incorporated by reference and summarized in relevant part below.

Chase, an attorney from Mount Pleasant, filed this action in state court against his former clients, LOP Capital, LLC ("LOP Capital"), Strategic Lending Solutions, LLC ("Strategic"), Brian Knight ("Knight"), and Michael Loprieno ("Loprieno") (collectively the "LOP Defendants"). The LOP Defendants removed the case to this Court on January 15, 2013, on the basis of diversity jurisdiction. (ECF No. 1.) Chase's second amended complaint (ECF No. 48), which is the operative complaint in this action, alleges that the LOP Defendants owe him $272,431.31 for his representation of them in several South Carolina lawsuits.

Defendants LOP Capital, Knight, and Loprieno filed C.A. No. 2009-CP-42-6973 (the "2009 Civil Action") in the Spartanburg County Court of Common Pleas seeking to satisfy a Georgia deficiency judgment against a real estate developer who had defaulted on a loan from the LOP Defendants. The 2009 Civil Action was dismissed without prejudice because, according to the Master-in-Equity, LOP Capital, Knight, and Loprieno had failed to respond to counterclaims filed in that action and had failed to join an indispensable party (Strategic). LOP Capital, Knight, and Loprieno, with Chase acting as their attorney, appealed the dismissal of the 2009 Civil Action. The LOP Defendants allege that shortly thereafter, without their knowledge and without their informed consent, Chase filed C.A. No. 2011-CP-42-4876 (the "2011 Civil Action) on their behalf, which was nearly identical to the 2009 Civil Action, but added Strategic as an additional plaintiff and added an additional cause of action. The LOP Defendants allege that as a result of Chase's decision to file the 2011 Civil Action, the appeal of the 2009 Civil Action was dismissed as moot.

While these cases were pending, a dispute arose between the parties regarding the fees owed to Chase. While Chase obviously claims that the LOP Defendants failed to pay him for his services, Loprieno allegedly believed that Chase was representing the LOP Defendants pursuant to a flat fee agreement and was shocked to receive a bill for $81,526.37 for services rendered in a period of over two years between August of 2008 and February of 2011. (ECF No 96-2 and ECF No. 96-3.) Loprieno further attests that Chase never provided a written fee agreement. (ECF No. 96-2.)

While the 2009 Civil Action was pending, Chase also filed a legal malpractice action on behalf of LOP against one of its former attorneys, F. Scott Pfeiffer ("Pfeiffer").[1] The action (the "Pfeiffer Matter") alleged that the loan documents Pfeiffer had drafted for LOP were defective and advanced claims for legal malpractice, breach of fiduciary duty, and several fraud and conspiracy claims. The legal malpractice and breach of fiduciary duty claims (the "Pfeiffer Malpractice Claims") were dismissed for failure to submit the affidavit of merit that is required to be provided alongside the complaint in malpractice actions under South Carolina Code § 15-36-100. The Pfeiffer Malpractice Claims were dismissed without prejudice, but because LOP had delayed filing the Pfeiffer Matter until the statute of limitations had almost expired, the dismissal effectively foreclosed LOP's ability to pursue the Pfeiffer Malpractice Claims,[2] and LOP ultimately dismissed the remaining causes of action against Pfeiffer. Chase has alleged that it was LOP's decision not to submit the affidavit and has provided

---

[1] Pfeiffer was subsequently disbarred and convicted of securities fraud.
[2] Loprieno alleges that Chase advised LOP to delay filing of the Pfeiffer matter. (*See* ECF No. 96-2 ¶ 6.)

emails from Loprieno, the principal of LOP, acknowledging as much. Loprieno, however, contends that Chase never advised him that an expert affidavit was required by statute. (ECF No. 96-2.)

After the 2011 Civil Action was removed to federal court, and Chase was discharged as the LOP Defendants' counsel, Chase sued the LOP Defendants to recover fees he alleges he is owed for his services. After removing the case to this Court, the LOP Defendants answered and asserted counterclaims against Chase for legal malpractice. The LOP Defendants also contend that Chase improperly interfered with proceedings and settlement negotiations in the 2011 Civil Action in an effort to ensure that his bills were paid.

On April 9, 2014, Chase filed a timely objection to the Report and Recommendation (ECF No. 117), which this Court will review. Chase also filed a "Supplemental Memorandum for Partial Summary Judgment" (ECF No. 144) on September 2, 2014. The supplemental memorandum is not a timely response to the Report and Recommendation and will not be considered by the Court.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the Report. 28 U.S.C. § 636(b)(1). The court may accept, reject, or modify, in whole or in part,

4

the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b)(1).

## DISCUSSION

Chase's first objection is a "general objection" to the Report and Recommendation as a whole, which Chase states is made "in an effort to avoid waiver of the right to appeal from a judgment of the District Court based up the Recommendation."  The Court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed. *Mathews*, 423 U.S. at 270–71.  However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982) ( "[*D*]e *novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation.").  In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error.  See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).  The Court has reviewed the Report and Recommendation as a whole and finds no clear error, thus Chase's general objection is without merit.

Turning to Chase's specific objections, the Court finds them to be without merit as well.  Chase's first specific objection is that the Magistrate Judge erred in finding that the LOP Defendants have raised issues of material fact as to whether Chase breached his duty to the LOP Defendants under the Attorney-

5

Client Agreements. Chase's second specific objection is that the Magistrate Judge erred in finding that the LOP Defendants have raised genuine issues of material fact as to whether Chase's alleged breach of his duty to the LOP Defendants proximately caused the harm for which they seek to recover. The Court will address the issues of breach and proximate causation together and will organize its discussion around the various actions in which the LOP Defendants contend that Chase committed malpractice.

Chase does not dispute that the Magistrate Judge applied the correct standard for legal malpractice in South Carolina. To establish legal malpractice a party must establish "(1) the existence of an attorney-client relationship; (2) breach of duty by the attorney; (3) damage to the client; and (4) proximate causation of client's damage by the breach." *Holy Loch Distrib., Inc. v. R.L. Hitchcock*, 531 S.E.2d 282, 285 (S.C. 2000) (citing *Smith v. Haynsworth, Marion, McKay & Guerard*, 472 S.E.2d 612 (1996)).

### 1. The Pfieffer Matter

Chase seeks to dismiss the LOP Defendants' counterclaims for legal malpractice arising out of his representation in the Pfeiffer Matter. As noted above, the Pfeiffer Malpractice Claims were dismissed because Chase and LOP failed to submit the expert affidavit required under South Carolina law. Chase argues that he is entitled to summary judgment because he "advised Defendant[s] that in failing to attain an expert affidavit, the legal malpractice claim would likely be dismissed by the court." (ECF No. 117 at 4.) In support of this argument, Chase attached to his Objections to the Report and Recommendation emails from Loprieno, indicating that Loprieno had decided not to obtain an

6

expert witness at the outset of the case against Mr. Pfeiffer. (*See* ECF No. 117-2.)

The first email from Loprieno to Chase is dated November 15, 2011, with a subject line, "Why Expert's Affidavit Was Not in Initial Filing" and reads:

> Nelson: We did not include the expert's affidavit initially in LOP Capital v. Pfieffer because we had another suit ongoing against Cosimo and additional facts were coming to light everyday, so we wanted to have all our facts together to give our expert witness so he could form an accurate opinion as to what had transpired. Thanks

The second email, also from Loprieno to Chase, is dated December 20, 2011, with no subject line, and reads:

> Nelson: It was my decision not to hire an expert at the onset of the LOP v. Pfieffer case. Thanks.

Chase claims that he discharged his duty to his clients by advising them that, without an expert, the legal malpractice claim would probably be dismissed, and that the emails above show that it was the client's decision to forego the expert. He contends further that once the LOP Defendants made the decision not to obtain an expert, he was bound by the Rules of Professional Conduct to abide by their decision.

The emails cited by Chase in his Objection were also presented to Magistrate Judge McDonald; however, Magistrate Judge McDonald cited a number of additional facts that led him to conclude that the emails were not the last word on the matter. As the Report and Recommendation explains:

> [D]efendant Loprieno states in his affidavit that the plaintiff never informed him or the other defendants that an expert's affidavit was necessary in South Carolina in order to file a claim for attorney malpractice (doc. 96-2, Loprieno aff. ¶ 7). The defendants cite an

7

>   email dated five days prior to the plaintiff filing the complaint in the Pfeiffer Matter in which the plaintiff stated, "*If* an expert witness is called, which I *anticipate*, you will be responsible for that cost as well" (doc. 96-13, Chase email), which implies that the plaintiff regarded expert testimony as something the defendants could do without, at least for the immediate future.

The Court agrees with Judge McDonald that the emails provided by Chase do not, as a matter of law, foreclose the LOP Defendants' malpractice claims against Chase. Chase may have advised the LOP Defendants that if they failed to obtain an expert affidavit, "the legal malpractice claim would *likely* be dismissed by the court," but Chase has not claimed that he advised his clients that an expert affidavit was *required by statute* to be submitted with the complaint and that without such an affidavit the legal malpractice claim would *most certainly* be dismissed. Moreover, the November 15, 2011 email from Loprieno to Chase suggests that Loprieno was laboring under the misperception that the expert's affidavit could be submitted at a later date without any adverse consequences, and that it was preferable to wait for additional facts before submitting the affidavit. This suggests that Loprieno, who is a resident of Illinois, was unaware that such an affidavit was required to be filed with the complaint under South Carolina law. Indeed, as noted, Loprieno explicitly attested that Chase failed to advise him that an expert affidavit was required to file a claim for legal malpractice. (ECF No. 96-2.) Thus while Chase may have advised his clients that they were unlikely to succeed without an expert, there is arguably a meaningful distinction between the advice he provided and the advice he should have provided regarding the absolute necessity of the affidavit and the time at

8

which it needed to be filed. At the very least, there is a genuine dispute of material fact regarding the sufficiency of the advice given.

Additionally, Chase argues that the fact that the LOP Defendants voluntarily dismissed their remaining claims against Pfeiffer after the legal malpractice claims were dismissed precludes them from recovering against Chase for malpractice in connection with the Pfeiffer Matter. Judge McDonald accepted the LOP Defendants' argument that the remaining claims against Pfeiffer were not worth pursuing once the legal malpractice claims had been dismissed. As set forth in the Report and Recommendation:

> [The] defendants argue that the remaining claims (fraud, negligent misrepresentation, constructive fraud, and civil conspiracy) were more difficult to establish than the malpractice and breach of fiduciary duty claims, as they included elements such as intent or the complicity of actors other than Mr. Pfeiffer (resp. m.s.j. at 22-23) (citing *Vaught v. Waites*, 387 S.E.2d 91, 95 (S.C. Ct. App.1989) (more than one actor required to prove conspiracy); *Quail Hill, LLC, v. County of Richland*, 692 S.E.2d 499, 508 (S.C. 2010) (greater number of elements required to prove negligent misrepresentation and added difficulty of establishing duty apart from attorney-client relationship); *Armstrong v. Collins*, 621 S.E.2d 368, 375 (S.C. Ct. App. 2005) (greater number of elements required to prove fraud (nine elements including intent) and constructive fraud (eight elements); no right to rely in constructive fraud case absent fiduciary relationship)).

This Court agrees with Magistrate Judge McDonald that the LOP Defendants' failure to pursue the remaining causes of action does not, as a matter of law, preclude them from proceeding against Chase for malpractice in connection with the dismissal of the Pfeiffer Malpractice Claims. Chase's argument is based on the assumption that Defendants could have obtained the relief they sought in the Pfeiffer Malpractice Claims through the remaining claims.

9

The evidence before the Court regarding the likelihood of success on the remaining claims or their strength relative to the Pfeiffer Malpractice Claims is limited; however, it suggests that the remaining claims were not as strong as the Pfeiffer Malpractice Claims and would have required the LOP Defendants to have established additional elements that would not have been required to prevail on the malpractice claims.

### 2. The 2009 Civil Action and the 2011 Civil Action

Finally, Chase objects to the Magistrate Judge's finding that genuine issues of material fact preclude summary judgment on the LOP Defendants' counterclaims related to the 2009 Civil Action and the 2011 Civil Action. Again, the Court agrees with the findings of the Magistrate Judge:

> [T]he undersigned finds that the defendants have raised issues of material fact as to whether the plaintiff's alleged breach of his duty caused them harm. Specifically, the defendants have presented evidence that the plaintiff's decision to file the 2011 Civil Action without consulting them resulted in the dismissal of their appeal of the 2009 Civil Action. The plaintiff asserts in his motion for summary judgment that his decision to file the 2011 Civil Action was motivated by the need (1) to prevent collateral from being alienated and (2) to preserve favorable rulings (doc. 89, m.s.j. at 9-10). However, the defendants have presented evidence that the decision served neither purpose and actually thwarted the latter purpose. They argue that, given the pending appeal of the 2009 Civil Action, title to the Spartanburg Property was impaired, and the collateral was in no real danger of alienation. Furthermore, the filing of the 2011 Civil Action resulted in the dismissal of the appeal of the 2009 Civil Action as moot, which cost the defendants the favorable rulings they had obtained in the 2009 Civil Action, along with legal fees associated with filing another lawsuit.

Chase objects to the Magistrate Judge's finding, arguing that because the 2009 Civil Action was dismissed without prejudice, the LOP Defendants were not precluded from seeking the same recovery in a subsequent case, which Chase

ultimately filed on their behalf.  As the Magistrate Judge correctly pointed out, the alleged harm to the Defendants was not necessarily the loss of the remedy sought in the 2009 and 2011 Civil Actions, but the loss of favorable rulings in the 2009 Civil Action and the additional expense of the 2011 Civil Action.  It is also significant that the LOP Defendants have alleged that Chase filed the 2011 Civil Action without their permission.  This Court agrees with Magistrate Judge McDonald that genuine issues of material fact preclude summary judgment on the LOP Defendants' counterclaims related to the 2009 and 2011 Civil Actions.

## **CONCLUSION**

The Court has carefully reviewed Chase's objections and conducted a *de novo* review of the portions of the Report and Recommendation to which he specifically objects.  The Court has also reviewed the entire Report and Recommendation for plain error in response to Chase's general objections.  After considering the motion, the record, and the Report and Recommendation of the Magistrate Judge, this Court agrees with the thorough analysis of the Magistrate Judge.  The Report and Recommendation is adopted in full and incorporated herein by reference, and the Plaintiff's Second Motion for Partial Summary Judgment on Defendants' Counterclaims (ECF No. 89) is DENIED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

October 2, 2014
Greenville, South Carolina