IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Nelson S. Chase, Esq., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LOP Capital, LLC, Strategic Lending ) <br> Solutions, LLC, Brian Knight, and ) <br> Michael Loprieno, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 2:13-162-BHH-KFM <br><br> **REPORT OF MAGISTRATE JUDGE AND ORDER** |

This matter is before the court on several motions by the parties (docs. 193, 230, 238, 239). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

Defendant LOP Capital, LLC ("LOP") is engaged in the commercial lending business. In 2008, LOP agreed to provide bridge financing for a Georgia real estate development. As additional collateral for the Georgia loan, LOP obtained a security interest in property located in Spartanburg County, South Carolina (the "Spartanburg Property"). After the developer defaulted, LOP foreclosed on the Georgia property. In April 2009, following a sheriff's sale of the Georgia real estate, a Georgia court awarded LOP a deficiency judgment. Defendant Michael Loprieno, the principal of LOP, then sought South Carolina counsel to enforce LOP's lien against the Spartanburg Property. Defendant Loprieno first learned of the plaintiff, who is an attorney, through defendant Brian Knight, the principal of defendant Strategic Lending Solutions, LLC ("Strategic"). Loprieno contacted the plaintiff in April 2009 (doc. 112-1, Chase dep. 167-68). Thereafter, the plaintiff represented one or more of the defendants in several civil actions. All of the

litigation in which the plaintiff acted as counsel for the defendants arose out of the same operative facts and shared the common objective of obtaining satisfaction of LOP's Georgia deficiency judgment.

On December 17, 2012, the plaintiff filed the instant action against the defendants in state court, and it was removed to federal court by the defendants on January 15, 2013, based upon diversity jurisdiction. In his second amended complaint, which was filed on September 3, 2013, the plaintiff alleged claims for breach of written contract, breach of oral contract, fraud, fraudulent misrepresentation and conspiracy to commit fraud, and quantum meruit (doc. 48, 2nd amended comp.). He alleged that the defendants owed him $272,431.31 in attorney's fees and costs (*id*. at 11; doc. 48-8, summary of attorney's costs and services rendered). On October 14, 2013, the defendants filed their answer to the plaintiff's second amended complaint, alleging counterclaims against the plaintiff for legal malpractice, breach of contract, intentional interference with prospective contractual relations, tortious interference with existing contractual relations, and unjust enrichment (doc. 73). Upon the undersigned's recommendation, on October 16, 2014, the Honorable Bruce Howe Hendricks, United States District Judge, granted summary judgment to the defendants on the plaintiff's claims for fraud, fraudulent misrepresentation, and conspiracy to commit fraud (docs. 145, 148).

On May 19, 2015, Judge Hendricks ordered the parties to conduct mediation (doc. 175), which was held before the undersigned on June 4, 2015 (doc. 180). The parties reached an agreement for settlement of this case during mediation. The terms of the settlement were placed on the record. The undersigned noted that Judge Hendricks would retain jurisdiction over enforcing the settlement (doc. 185 at 1-4, 7-10, 12). Judge Hendricks entered an order dismissing the case on that same date (doc. 181). On July 8, 2015, the plaintiff, through his attorney of record at that time, moved to compel settlement as the defendants had not yet paid him $5,000 that the plaintiff stated was overdue (doc. 183). On January 14, 2016, Judge Hendricks entered a consent order of dismissal finding the motion to compel settlement moot (doc. 191).

## SETTLEMENT AGREEMENT

The consent order of dismissal entered by Judge Hendricks set out the terms of the parties' settlement agreement as follows:

> The defendants agreed to pay to the plaintiff the total sum of $55,000.00 according to the following schedule:
>
> ### *Down Payment and Monthly Payments*
>
> A Down Payment of $5,000.00 was due on June 25, 2015, and the first installment payment was due on July 15, 2015. The defendants did not meet either deadline, but the plaintiff has agreed to allow the defendants to proceed according to the terms of this agreement provided that the $5,000.00 Down Payment and the July Installment Payment in the amount of $833.33 are actually received by the plaintiff or his attorney no later than Wednesday, July 22, 2015. In addition to the Down Payment and the July installment, the defendants shall make 23 additional consecutive monthly Installment Payments of $833.33 each beginning on August 15, 2015. to the plaintiff or his designee. Each subsequent monthly installment is due on the 15th day of the month.
>
> As security for the Down Payment and Installment Payments described above, the defendants are to provide the plaintiff with a Confession of Judgment in the amount of $30,000.00 ("Confession of Judgment #1"). Should any Installment Payment not be paid within ten days after the date on which it is due the plaintiff is authorized to file Confession of Judgment #1, provided that the plaintiff must simultaneously file with the confession an affidavit which: (1) specifies which term or terms of this agreement have been breached, and (2) affirms that no later than five days prior to filing the Confession with the Court. the plaintiff delivered a notice and opportunity to cure to the defendants as follows:
>
>> Michael Loprieno, 319 Dee Ct., Bloomingdale, IL 60108
>> Brian Knight, 8 Tregonwell Ct., Algonquin, IL 60 I 02
>> *with mandatory copies via email to*:
>> nathanearle@upstatelegal.net
>> bknight@strategiclendingsolutions.net, and
>> mloprieno@lopcapitalllc.com

3

> ### *Lump Sum Payments*
>
> In addition to the Down Payment and Installment Payments, defendant Loprieno agrees to pay $30,000.00 to the plaintiff or his designee as follows:  $10,000.00 within one year after the date of the settlement and an additional $20,000.00 within two years after the date of the settlement.  As security for the lump sum payments described herein, defendant  Loprieno is to provide the plaintiff with a second Confession of Judgment in the amount of $30,000.00 ("Confession of Judgment #2"). Should either of the lump sum payments be missed, the plaintiff is authorized to file Confession of Judgment #2 provided that the plaintiff must simultaneously file with the confession an affidavit which (1)  specifies which term or terms of this agreement have been breached and (2)  affirms that no later than five days prior to filing the Confession with the court, the plaintiff delivered a notice and opportunity to cure to the defendants as follows:
>
>> Michael Loprieno, 319 Dee Ct., Bloomingdale, IL 60108
>> Brian Knight, 8 Tregonwell Ct., Algonquin, IL 60 I 02
>> *with mandatory copies via email to*:
>> nathanearle@upstatelegal.net
>> bknight@strategiclendingsolutions.net, and
>> mloprieno@lopcapitalllc.com
>
> The parties further agree that all payments should be wired to the plaintiff or his designee to an account to be provided to the defendants by the plaintiff.  The defendants also agree to dismiss the case against the plaintiff and his son in Illinois with prejudice.  The parties agree this case should be dismissed, however the district court shall retain jurisdiction over the compliance with the settlement.

(Doc. 191 at 1-3).

When the terms of the settlement were put on the record following mediation before the undersigned, the parties agreed that the lump sum payments from defendant Loprieno were to be secured by certain stock (doc. 184 at 4).  Defendant Knight was to transfer a certain amount of his own stock to defendant Loprieno, which would trigger defendant Loprieno's responsibility for the $30,000 in lump sum payments over two years (*id.* at 5).  No time constriction was placed upon the defendants' transfer of stock (*id.* at 11).

## **COMPLIANCE WITH SETTLEMENT TERMS**

On July 11, 2016, the plaintiff filed a *pro se* motion to compel settlement, to hold defendants Knight and Loprieno in contempt, and for sanctions and attorney fees (doc. 193). In the motion, the plaintiff stated that Loprieno and Knight had not made certain payments due under the settlement agreement. In his motion, the plaintiff stated that, as of July 11, 2016, he had received $14,999.63 ($5,000 down payment, 11 monthly payments of $833.33, and one monthly payment of $833.00) from the defendants. He claimed the defendants owe him $180 for the cost of the wire transfers (*id.* at 2-3). The plaintiff outlined the defendants' non-compliant history as follows:

> ***Lump Sum Payments***
>
> The *lump sum* payment due at the end of the first year of the settlement agreement (June 4, 2015, ex. #A) i.e. $10,000 has not been paid and the Defendants are in Default for failure to make timely payment although promised by the Defendants. Defendants stated that said payment would be made no later than July 8, 2016. This promise was made after both a written reminder by Chase and phone call made by Loprieno to Chase. Loprieno requested an extension to July 8, 2016 which Chase granted. Defendant Loprieno emailed Chase on July 8 2016 at 1:16 CST that he would not comply with his request for extension and commitment to make payment on July 8 and that ***payment would not be made as promised.***
>
> ***Stock Transfer***
>
> 1. As to the provision in the settlement agreement regarding transfer of $10,000 worth of stock, pg. 10 lines 22 to 25 *during* the course of the first year and an additional $20,000 for the second year, pg. 11. Lines 1 thru 7, worth of stock from Knight to Loprieno and then transferred to Chase which was to serve as security, for payments Chase has not received proof any such transfer has been made. Defendants Knight and Loprieno have refused to provide such proof of transfer, which also constitutes a material breach of the settlement agreement.

(Doc. 193 at 3-4).

5

Defendants Loprieno and Knight filed *pro se* notices of appearance (docs. 199, 201), and they both filed *pro se* responses (docs. 200, 202) in opposition to the plaintiff's motion, arguing that the additional lump sum payment was not due until August 3, 2016, and all requirements of the settlement agreement had thus far been met. The plaintiff thereafter filed several replies (docs. 205, 206, 210). Clearly, the parties disagree as to the due dates for payments under the settlement agreement. In one of the plaintiff's replies dated August 13, 2016, the plaintiff stated that he had not received the lump sum payment that the defendants concede was due on August 3rd (doc. 205). By order entered September 12, 2016, the undersigned directed the parties, by September 23, 2016, to each file a statement of any additional payments made by the defendants to the plaintiff since July 11, 2016, the date the plaintiff filed his motion to compel settlement (doc. 213). The plaintiff's motions for an expedited hearing were denied (*id.*). The parties did not comply with this order, and on September 29, 2016, this court issued a second order directing the parties to file their statements by October 14, 2016, or face contempt of court or sanctions (doc. 217).

In the September 29th order, the undersigned also noted that hybrid representation in this court is not permissible and directed the attorneys of record for the plaintiff and defendants Knight and Loprieno to notify the court the status of their representation of the parties by October 7, 2016 (*id.*). On September 29, 2016, attorney Nathan Earle, who is listed as counsel for the defendants, filed a letter in response to the October 7th order requesting that he be removed as counsel of record (doc. 219). Mr. Earle noted that the instant case was settled and dismissed, and that further representation of the defendants was outside the scope of his agreement with the defendants (*id.*). On October 5, 2016, the plaintiff's attorney of record, Mark Hardee, asked to be relieved as counsel (doc. 224). Mr. Hardee noted that he represented the plaintiff up through the case being settled and closed and that he and the plaintiff had not reached an agreement for his

6

representation of the plaintiff in efforts to collect from the defendants (*id.*). Based upon the foregoing, and as the plaintiff and defendants Knight and Loprieno have been proceeding *pro se* in all filings since the closing of the case, Mr. Hardee and Mr. Earle will be terminated as counsel of record. Notably, Knight and Loprieno may not represent their LLCs, defendants LOP and Strategic, in this matter. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (recognizing that the rationale for the rule that a corporation may appear in the federal courts only through licensed counsel applies equally to all artificial entities and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"). Accordingly, should defendants LOP or Strategic have cause to file anything in this matter, they must be represented by a licensed attorney.

On October 14, 2016, the plaintiff filed a declaration stating that, since July 11, 2016, defendant Knight had made the installment payments for July, August, and September totaling $2,499.99 and that Knight had made a timely down payment of $5000 (doc. 226 at 2-3). All of the payments were due on the 15th of the month with a ten day grace period in accordance with the settlement agreement. Defendant Knight made his installment payments on July 24th, August 24th, and September 23rd respectively. These appear to have been timely made within the ten day grace period. However, the plaintiff argued that the July payment was not made within the time period and therefore was in default, and thus the balance of the monthly installment payments was due (doc. 226 at 2). With respect to defendant Loprieno, the plaintiff again noted that the $10,000 lump sum was not made (*id.*).

On October 14, 2016, the defendants filed a joint reply (doc. 227) to the court's September 29th order. Defendant Knight noted that he had paid the July, August, and September installment payments of $833.33 each and that these "constitute[d] the

payments due thus far, and therefore complete satisfaction of the terms of the settlement agreement" (*id.* at 1). With respect to the $10,000 lump sum payment due from defendant Loprieno, the defendants stated that no payments had been made by defendant Loprieno (*id.* at 2).

On October 31, 2016, the plaintiff filed a supplemental brief in support of his motion to compel (doc. 229). The plaintiff again stated that defendant Loprieno had defaulted on the lump sum payment of $10,000 that was due on June 4, 2016. As noted above, in the settlement terms set out in the district court's order of dismissal (doc. 191), this lump sum payment was to be secured by a Confession of Judgment of $30,000 ("Confession of Judgment #2"). The plaintiff claimed that because defendant Knight gave defendant Loprieno worthless stock, both defendants are in violation of the settlement terms and attempting to commit fraud (doc. 229 at 2-6). On November 21, 2016, defendant Knight filed a motion to strike the supplemental brief, arguing it was untimely and violated the Local Civil Rules (doc. 230). On December 19, 2016, the plaintiff filed a response to the motion to strike (doc. 236). In this response, the plaintiff again pointed out that defendant Loprieno has failed to pay the $10,000 lump sum as required in the settlement agreement (*id*. at 2).

On December 20, 2016, the plaintiff filed two motions to compel discovery from the defendants (docs. 238, 239). In the first motion regarding defendant Knight, the plaintiff asserted that Knight has not made the monthly payments for November or December 2016 and requested that the court order Knight to comply with a discovery order (doc. 238 at 2). In the second motion regarding defendant Loprieno, the plaintiff pointed out that Loprieno has not made any payment to the plaintiff and requested the court order Loprieno to comply with a discovery order (doc. 239). On January 3, 2017, defendant Knight filed a reply (doc. 240) to the plaintiff's response to the motion to strike (doc. 230).

8

**CONCLUSION AND RECOMMENDATION**

The consent order of dismissal (doc. 191) issued by the district court in this case required defendants Knight and Loprieno to pay a down payment of $5,000 by July 22, 2015, and 24 total monthly installments of $833.33. As set forth above, the $5,000 down payment was received, and the plaintiff received 15 monthly payments (14 payments of $833.33, and one for $833.00) for a total of $17,499.62 (docs. 193, 226). The defendants have not disputed the plaintiff's claim that the monthly payments due for November and December 2016 have not been made (doc. 238). Security for these payments was Confession of Judgment #1 by the defendants in the amount of $30,000. Accordingly, defendants Loprieno and Knight are subject to Confession of Judgment #1, as set out in the consent order of dismissal (doc. 191 at 2).

In addition to the down payment and installment payments described above, defendant Loprieno was to pay $30,000 to the plaintiff, with $10,000 being due within one year after settlement and $20,000 due within two years after settlement (*id.* at 2-3). Defendant Loprieno has not paid the $10,000 he owed the plaintiff within a year after the settlement. Security for the lump sum payments was Confession of Judgment #2 in the amount of $30,000 by Loprieno. Accordingly, defendant Loprieno is subject to Confession of Judgment #2, as set out in the consent order of dismissal (*id.*).

The plaintiff has filed the confessions of judgment and the required affidavit, pursuant to the terms of the settlement outlined in the consent order of dismissal (*see* docs. 191, 192, 196, 197).

Wherefore, based upon the foregoing,

IT IS RECOMMENDED that the plaintiff's motion to compel and for contempt, sanctions, and attorney fees (doc. 193) be denied as the remedy for the default of defendants Knight and Loprieno is provided in the consent order of dismissal.

IT IS FURTHER RECOMMENDED that, pursuant to Federal Rule of Civil Procedure 57, the district court enter judgment against defendants Loprieno and Knight jointly and severally in the amount of $30,000 in accordance with Confession of Judgment #1 (doc. 197-2) and against defendant Loprieno in the amount of $30,000 in accordance with Confession of Judgment #2 (doc . 197-3)

FURTHERMORE, IT IS ORDERED that defendant Knight's motion to strike (doc. 230) is denied, and the plaintiff's motions to compel discovery (docs. 238, 239) are denied.

The Clerk of Court is advised that the plaintiff and defendants Loprieno and Knight are proceeding *pro se*, and, THEREFORE, the Clerk is directed to terminate attorneys Nathan Earle and Mark Hardee as attorneys of record in this case (*see* docs. 219, 224). Should defendants LOP or Strategic have cause to file anything in this matter, they must be represented by a licensed attorney.

IT IS SO ORDERED AND SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

January 27, 2017
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>300 East Washington Street
>Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).