IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nelson S. Chase, Esq., | ) | Civil Action No.: 2:13-162-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| LOP Capital, LLC, Strategic Lending | ) | |
| Solutions, LLC, Brian Knight, and | ) | |
| Michael Loprieno, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On January 15, 2013, this civil action was removed from state court. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald, for consideration of pretrial matters. After a settlement was reached by the parties, Plaintiff filed a motion to compel, among other things. On January 27, 2017, the Magistrate Judge prepared a thorough Report and Recommendation ("Report"), which recommends denying Plaintiff's various motions. (ECF No. 242.) Plaintiff filed timely objections to the Report. (ECF No. 250.) Defendant Knight filed a "motion to reconsider order of entry of judgment", which is better characterized as an objection to the Report. (ECF No. 251.) For the reasons set forth herein, the Court adopts the Report in part and directs Plaintiff to file an amended Confession of Judgment #1 if appropriate.

## BACKGROUND AND PROCEDURAL HISTORY[1]

The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below only in relevant part. Plaintiff represented one or more of the defendants in several civil actions arising out of the same operative facts and sharing a common objective; namely, obtaining satisfaction of a deficiency judgment. On December 17, 2012, Plaintiff filed the instant action against the defendants in state court, which was later removed to federal court. In his second amended complaint, Plaintiff alleged claims for breach of written contract, breach of oral contract, fraud, fraudulent misrepresentation and conspiracy to commit fraud, and quantum meruit. He alleged that the defendants owed him $272,431.31 in attorney's fees and costs. On October 14, 2013, the defendants filed their answer to Plaintiff's second amended complaint, alleging counterclaims against Plaintiff for legal malpractice, breach of contract, intentional interference with prospective contractual relations, tortious interference with existing contractual relations, and unjust enrichment. On October 16, 2014, this Court granted summary judgment to the defendants on Plaintiff's claims for fraud, fraudulent misrepresentation, and conspiracy to commit fraud.

The parties then engaged in mediation before Magistrate Judge McDonald on June 4, 2015, and reached an agreement for settlement of the case. The terms of the settlement were placed on the record, including that this Court would retain jurisdiction over enforcing the settlement, and the Court dismissed the case. On July 8, 2015, Plaintiff, through his attorney of record at that time, moved to compel settlement, asserting that the defendants had not yet paid him $5,000 that was allegedly overdue.

---

[1] Unless noted, the facts are drawn from the Report.

2

On January 14, 2016, this Court entered a Consent Order of dismissal finding the motion to compel settlement moot. The Consent Order set out the terms of the parties' settlement agreement, as quoted verbatim in the Report. The settlement agreement provides that in the event of default, Plaintiff can enforce Confessions of Judgment against the defendants, which serves as security for the agreed upon payments. The agreement outlines specific steps Plaintiff must follow to enforce the Confessions of Judgment.

On July 11, 2016, Plaintiff filed a *pro se* motion to compel settlement, to hold Defendants Brian Knight ("Knight") and Michael Loprieno ("Loprieno") (collectively, "Defendants") in contempt, and for sanctions and attorney fees, claiming that Loprieno and Knight had not made certain payments due under the settlement agreement. In his motion, Plaintiff stated that as of July 11, 2016, he had received $14,999.63 ($5,000 down payment, 11 monthly payments of $833.33, and one monthly payment of $833.00) from Defendants. He claimed Defendants owed him $180 for the cost of the wire transfers. Defendants responded *pro se* in opposition to Plaintiff's motion, arguing that the additional lump sum payment was not due until August 3, 2016, and that all the requirements of the settlement agreement had thus far been met.

On August 3, 2016, Plaintiff filed the Confessions of Judgment with the requisite affidavit averring that he followed the steps outlined in the settlement agreement. (ECF Nos. 197; 197-1.) At the Court's request, Plaintiff filed a declaration on October 14, 2016, stating that Knight had made installment payments for July, August, and September on July 24th, August 24th, and September 23rd, respectively. These payments, due on the

15th of the month, appear to have been made within the ten-day grace period as provided in the settlement agreement. Plaintiff, however, asserted that the July payment was not made within the grace period, and that Knight was therefore in default, rendering the balance of the monthly payments due. With respect to Loprieno, Plaintiff stated that he never paid the $10,000 lump sum. Shortly thereafter, Plaintiff filed a supplemental brief, restating the claims made in his declaration and arguing that Defendants committed fraud through the transfer of worthless stock. (ECF No. 229 at 2–3.) Specifically, Plaintiff argued that the settlement agreement hinged on a transfer of stock worth $15,000 from Knight to Loprieno, which would be partial security for $15,000 of Loprieno's obligation for the lump sum payments. (*Id.* at 3.) Plaintiff claimed that the stock transferred to Loprieno was worthless and evidenced Defendants' attempt to commit fraud. (*Id.* at 3–5.)

On December 20, 2016, Plaintiff filed two motions to compel discovery from Defendants. In the first motion, Plaintiff asserted that Knight has not made the monthly payments for November or December 2016 and requested that the Court order Knight to comply with a discovery order. In the second motion, Plaintiff stated that Loprieno has not made any payments and requested the Court order Loprieno to comply with a discovery order. On January 26, 2017, Knight filed a response to Plaintiff's first motion to compel discovery, asserting that Plaintiff breached the settlement agreement by filing the motion to compel against him when he was, in fact, in compliance with the settlement agreement. (ECF No. 244 at 4–5.)

4

On January 27, 2017, the Magistrate Judge issued a thorough Report recommending that the Court deny Plaintiff's motions. The Magistrate Judge found that both Defendants defaulted under the terms of the settlement agreement as set out in the Consent Order. Citing that agreement, Magistrate Judge McDonald found that the proper remedy for the default was to enter judgment against both Defendants jointly and severally in the amount of $30,000 in accordance with Confession of Judgment #1 and against Loprieno in the amount of $30,000 in accordance with Confession of Judgment #2. The Court has reviewed the objections to the Report, but finds them to be largely without merit. Therefore, it will enter judgment accordingly, making a brief modification to the Report.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are

reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d

310, 315 (4th Cir. 2005).

## DISCUSSION

Plaintiff's objections briefly rehash the same arguments made in his various briefs.

(ECF No. 250.) He claims that the Report fails to consider Defendants' alleged fraud in

transferring worthless stock and argues that such fraud warrants additional remedies.

(*Id.* at 2–5.) Specifically, Plaintiff seeks the following modifications to the Report:

> 1. Find the Defendant in Contempt and award Damages/ Sanctions for not obeying the June 4, 2015 Agreement Order in the amount of $10,000 against Knight and Loprieno jointly and severally.
>
> 2. Order Knight to pay Plaintiff the balance of the periodic monthly payments due under the remainder of the Agreement[.]
>
> 3. Order Knight to pay the Plaintiff an additional $30,000 as judgement [sic] indicates and as was agreed to by parties.
>
> 4. Modify Knight[']s obligation to pay the Plaintiff $30,000, as agreed in the settlement, along with Loprieno's $30,000 jointly and severally with Defendant Loprieno $10,000. Within 10 days and $20,000 no later than June 4, 2017. The Balance of the other $30,000 by June 4, 2017 for the fraud and for failure to provide the security required by the Court under the Agreement dated June 4, 2015.
>
> 5. The Appointment of a receiver, as provided by FRCP 66, for Knight and Loprieno, with a power to collect the amount of Damages Awarded in favor of the Plaintiff. . . .
>
> 6. Enter a permanent injunction against all assets of Knight and /or Loprieno until the full amount of the Judgement [sic] plus the awarded sanctions/ contempt and the fees for the appointed Receiver.

(ECF No. 250 at 5–6.)

Knight objects that the Report wrongly found that he defaulted under the

settlement agreement. Specifically, he claims that the Magistrate Judge failed to

6

consider his argument that Plaintiff breached the settlement agreement, thereby ending Knight's obligation to continue making monthly payments to Plaintiff. According to Knight, he did not default under the agreement because he made timely monthly payments to Plaintiff until the point that Plaintiff breached the settlement agreement by filing the motion to compel. Knight asks that the Court

> return the parties to the state they occupied before the breach by the Plaintiff, compel the Plaintiff to hold Confession of Judgment #1 as collateral for that payment, allow the Defendant to make the remaining payments starting the month of this order and continuing on for the remaining six months, and compel the Plaintiff to honor the agreement and discontinue his excessive motion practice or reopening of the case.

(ECF No. 251 at 9.)

In his thorough Report, the Magistrate Judge skillfully parsed through the complicated record in this case and thoughtfully summarized the parties' positions both before and after the Court issued the Consent Order of dismissal. It is clear that the Magistrate Judge considered the entire record before him, including Knight's assertions of breach and Plaintiff's assertions of fraud through the "worthless" stock transfers. The Court agrees with the Magistrate Judge's conclusions that Defendants defaulted and that the settlement agreement provides the appropriate remedy for default. The Court further agrees with the Magistrate Judge that Plaintiff's allegations of fraud do not entitle him to any additional remedies under the settlement agreement. However, the Court makes a brief modification to the Magistrate Judge's recommendation, as discussed below.

As an initial matter, the Magistrate Judge correctly found that both Defendants defaulted under the terms of the settlement agreement. Specifically, Knight did not make

7

the monthly payments in November and December 2016,[2] and Loprieno has not made any lump sum payments. While Knight asserts that his obligation to make payments ceased once Plaintiff filed the motion to compel, such an understanding is not evident from the terms of the settlement agreement. Based on the record, the Court cannot find that Knight was entitled to stop making the monthly payments until he had fulfilled his obligations under the settlement agreement. Because it does not appear that Knight has made any payments since October 2016, Knight is in default. As the Magistrate Judge correctly noted, the settlement agreement expressly provides for specific remedies if Knight and Loprieno default on their payments, through the enforcement of the Confessions of Judgment. Plaintiff's allegations of fraud do not entitle him to any additional remedies under the settlement agreement.

With respect to a default of the monthly payments, the settlement agreement provides:

> Should any Installment Payment not be paid within ten days after the date on which it is due the plaintiff is authorized to file Confession of Judgment #1, provided that the plaintiff must simultaneously file with the confession an affidavit which: (1) specifies which term or terms of this agreement have been breached, and (2) affirms that no later than five days prior to filing the Confession with the Court[,] the plaintiff delivered a notice and opportunity to cure to the defendants as follows:
>
> > Michael Loprieno, 319 Dee Ct., Bloomingdale, IL 60108
> > Brian Knight, 8 Tregonwell Ct., Algonquin, IL 60 I 02
> > *with mandatory copies via email to:*
> > nathanearle@upstatelegal.net
> > bknight@strategiclendingsolutions.net, and
> > mloprieno@lopcapitalllc.com

(ECF No. 191 at 2.) Further, in the event Loprieno defaults on the lump sum payments, the settlement agreement states:

---

[2] The record indicates that Knight has not made any monthly payments in 2017.

> Should either of the lump sum payments be missed, the plaintiff is authorized to file Confession of Judgment #2 provided that the plaintiff must simultaneously file with the confession an affidavit which (1) specifies which term or terms of this agreement have been breached and (2) affirms that no later than five days prior to filing the Confession with the court, the plaintiff delivered a notice and opportunity to cure to the defendants as follows:
>
> Michael Loprieno, 319 Dee Ct., Bloomingdale, IL 60108
> Brian Knight, 8 Tregonwell Ct., Algonquin, IL 60 l 02
> *with mandatory copies via email to*:
> nathanearle@upstatelegal.net
> bknight@strategiclendingsolutions.net, and
> mloprieno@lopcapalllc.com

(ECF No. 191 at 3.)

Per the terms of the settlement agreement, the proper remedy for Defendants' respective defaults would be to enforce the Confessions of Judgment. However, the Court finds that Plaintiff has not satisfied the terms of Confession of Judgment #1. Plaintiff most recently filed an amended affidavit regarding both Confessions of Judgment on August 3, 2016. (ECF No. 197-1.) With respect to Knight, the affidavit states that he is "more than 10 calendar days in making payments required under the settlement agreement." (*Id.* at 2.) The affidavit further states that Knight defaulted under the agreement by failing to provide proof of transfer of stock to Loprieno. (*Id.* at 2–3.)

At the time Plaintiff filed the amended affidavit (ECF No. 197-1), Knight was not in default. Specifically, at that point, Knight had made all of his monthly payments within the grace period. While Plaintiff claims Knight defaulted by failing to transfer stock to Loprieno, the Court cannot find that such an allegation constitutes default under the terms of the settlement agreement. Thus, at the time Plaintiff gave Knight the requisite opportunity to cure his default, there was no actual missing or late payment for Knight to

cure. While Knight has since defaulted under the agreement by failing to make monthly payments after October 2016, Plaintiff never filed an affidavit averring to this specific default and stating that he provided Knight a notice and opportunity to cure the default. Accordingly, Plaintiff has not complied with the proper steps for enforcing Confession of Judgment #1 as noted in the settlement agreement, and the Court cannot enforce it as a remedy for default. Should Plaintiff wish to enforce Confession of Judgment #1 moving forward, he must follow the terms of the settlement agreement and file the requisite affidavit.

However, the Court finds that Confession of Judgment #2 is enforceable against Loprieno. As Plaintiff's amended affidavit correctly avers, Loprieno defaulted under the settlement agreement by failing to make the lump sum payment of $10,000 within the requisite time period. Plaintiff afforded Loprieno notice of and an opportunity to cure this default, which Loprieno did not do. Accordingly, Plaintiff has complied with the terms of the settlement agreement in enforcing Confession of Judgment #2.

## CONCLUSION

After careful consideration of the relevant motions, responses, and objections, the Court finds that the parties' objections are largely without merit and adopts the Report in part. Accordingly, Plaintiff's motion to compel and for contempt, sanctions, and attorney's fees (ECF No. 193) is DENIED. The proper remedy for the default of Knight and Loprieno is provided for in the settlement agreement. The Court therefore enters judgment against Loprieno in the amount of $30,000 in accordance with Confession of Judgment #2. Should Plaintiff wish to enforce Confession of Judgment #1 against

Loprieno and Knight, Plaintiff can follow the steps outlined in the settlement agreement; specifically, by filing the requisite affidavit and allowing Knight the opportunity to cure his default..

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
February 27, 2017